IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STANLEY E. HEATH                                                                    PLAINTIFF

          v.                           Civil No. 13-2109

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Stanley Heath, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Title II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

The Plaintiff filed his application for SSI and DIB on August 17, 2010, alleging an onset date of January 16, 2010, due to a heart condition and a learning disability. Tr. 121-132, 178. His claims were denied both initially and upon reconsideration. An administrative hearing was then held on August 14, 2011. Tr. 29-59. Plaintiff was both present and represented at that hearing.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

A the time of the administrative hearing, Plaintiff was 48 years old and possessed the equivalent of a high school education. Tr. 18, 26. He had past relevant work ("PRW") as a construction laborer, furniture assembler, and auto body and paint worker. Tr. 22, 170-177.

On December 15, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's communication disorder, psychological factors affecting medical condition, and disorder of the heart did not meet or equal any Appendix 1 listing. Tr. 15-17. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work

> except the claimant is limited to simple, routine, and repetitive tasks, involving only simple, work-related decisions, with few, if any work place changes. The claimant is limited to no more than incidental contact with co-workers, supervisors, and the general public.

Tr. 17. With the assistance of a vocational expert, the ALJ determined that Plaintiff could perform work as a production worker. Tr. 23.

The Appeals Council denied Plaintiff's request for review on April 11, 2013. Tr. 1-3. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 14, 16.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

## II.  **Applicable Law**:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

A.   **The Evaluation Process:**

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.   Discussion:**

Of particular concern to the undersigned is the RFC determination in this case. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has held, however, that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982). And while the issue is not the existence of pain, the issue **is** whether the Plaintiff's experience of pain precludes substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present case, the record makes clear that Plaintiff suffered from a congenital heart disorder. At the age of 14, he underwent open heart surgery, although the exact procedure performed is not entirely clear. His doctors reportedly advised him that he would likely need further treatment when he attained middle age. And, Plaintiff began experiencing chest pain, dyspnea, fatigue, and radicular symptoms in 2010.

On September 28, 2010, Plaintiff underwent a general physical examination. Tr. 274-278. He complained of episodic chest pain that radiated to his back, constant dyspnea, nocturnal dyspnea, and fatigue. Plaintiff described his pain as sharp, nonrythmic chest pain with episodic left arm numbness. On examination, a holosystolic heart murmur was noted with decreased breath sounds bilaterally and bilateral pitting edema. Plaintiff was diagnosed with chest pain post open heart surgery for an unknown cardiac condition, a heart murmur, exertional dyspnea, chronic fatigue, and a limited learning ability. However, the doctor opined that further objective data would be required for a reasonable estimate of Plaintiff's disability.

On December 8, 2010, Dr. Jerry Thomas, a non-examining consultative doctor reviewed Plaintiff's medical records and completed a physical RFC assessment. Tr. 285-292. He concluded Plaintiff could lift less than 10 pounds frequently and 10 pounds occasionally, stand/walk at least 2 per 8-hour workday, and sit about 6 hours per workday. This assessment was affirmed by Dr. David Hicks on April 9, 2011. Tr. 297.

Plaintiff continued to experience chest pain. Tr. 306-307, 308-309, 315, 316, 319, 320, 321, 322, 323-324, 350, 351-352, 353, 354, 365, 366-381. An echocardiogram performed in 2011 revealed concentric left ventricular hypertrophy with normal systolic function, an abnormal aortic valve with thickening of the three leaflets, moderate aortic insufficiency, and mild to

moderate aortic stenosis. Tr. 323-324, 365. An exercise stress test revealed a moderately reduced exercise tolerance. Tr. 331-346.

On September 29, 2011, Plaintiff underwent a consultative examination with cardiologist, Dr. J. Alemparte. Tr. 327-328. Dr. Alemparte noted a loud systolic aortic murmur. Although he was provided the results of Plaintiff's exercise stress test, he was not provided a copy of his echocardiogram. And, Dr. Alemparte indicated that an "echocardiogram should be obtained for better assessment of valvular pathology. This is critical to establish disability." Based on his physical findings alone, he did not think Plaintiff would be able to perform any job that required any significant amount of physical activity. However, without the results of the echocardiogram, he was unable to provide any further assessment of Plaintiff's ability to perform work-related activities. And, the record does not indicate that Dr. Alemparte was ever provided the results of Plaintiff's echocardiogram so that a proper assessment could be made.

While we do note Dr. Thomas and Hickson's non-examining assessments, they, too, were not privy to the results of Plaintiff's echocardiogram. Further, their assessments predated Plaintiff's exercise stress test. *See Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010) (opinion of non-examining sources is afforded even less weight when the consulting physician did not have access to relevant medical records). Accordingly, we believe that remand is necessary to allow the ALJ to obtain a physical RFC assessment from a treating or examining doctor. Without such an assessment, the record does not contain substantial evidence to support the RFC assessed in this case. *See Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003) (claimant's RFC must be supported by medical evidence that addresses the claimant's ability to

**AO72A**
**(Rev. 8/82)**

function in the workplace); *See Finch v. Astrue*, 547 F. 3d 933, 937-938 (8th Cir. 2008) (ALJ may not substitute his opinion for that of a doctor).

### V.   Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 16th day of May 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE